UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

                        Plaintiffs,

                        **COMPLAINT**

      - against -

NATIONAL SECURITY AGENCY,

                        Defendant.

---------------------------------------X

RECEIVED MAR 31 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

    1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records from Defendant National Security Agency ("NSA") in response to a request properly made by Plaintiffs The New York Times Company and Charlie Savage (collectively "The Times").

## PARTIES

    2.    Plaintiff The New York Times Company publishes The New York Times newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

    3.    Plaintiff Charlie Savage is a reporter for The New York Times.

58712

4. Defendant NSA is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Plaintiffs have exhausted all administrative remedies available in regards to the request at issue. NSA failed to respond to the request within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8. On January 12, 2015, Mr. Savage submitted a FOIA request (the "Request") to NSA seeking certain reports prepared by the NSA Inspector General.

9. The Request sought "copies of – and declassification review of, as necessary – all NSA Inspector General Reports related to:

- "the agency's content collection activities under the FISA Amendments Act section 702 and the predecessor law, the Protect America Act;
- "bulk phone records collection activities under Section 215 of the Patriot Act (the 'FISA Business Records' program);
- "bulk Internet metadata collected under the FISA pen register/trap and trace provision (the "FISA PR/TT" program)."

2

58712

10. The Request further specified that the requested documents include, but are not limited to, "the special study assessing management controls over FAA §702 referenced in Section II-C of the March 4, 2013, report on NSA activities information memorandum from George Ellard and Rajesh De to the Intelligence Oversight Board, which was recently made public here: https://www.nsa.gov/public_info/_files/IOB/FY2013_1Q_IOB_Report.pdf."

11. The Request further requested expedited processing.

12. By a letter dated January 14, 2015, and redelivered on February 19, 2015, NSA denied the request for expedited processing. The letter did not address any other aspect of the Request.

13. There has been no further communication from NSA regarding the Request.

14. NSA's substantive response to the Request, either producing documents or denying the request in accordance with FOIA, was due no later than 20 business days after receipt of the request.

## COUNT

15. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

16. NSA is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

17. Under 5 U.S.C. § 552(a)(6)(A), NSA was required to provide documents or issue a denial within 20 business days of receiving the Request.

18. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

19. Accordingly, The Times is deemed to have exhausted its administrative remedies as to the Request.

20. NSA has asserted no lawful basis under FOIA for withholding documents asked for by the Request.

21. NSA's failure to provide responsive documents violates FOIA.

22. Accordingly, The Times is entitled to an order compelling the NSA to undertake an adequate search of its records and produce the documents sought by the Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b. Order NSA to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c. Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant Plaintiffs such other and further relief as this Court deems just and proper.

58712

Dated: New York, New York
March 31, 2015

David E. McCraw, Esq.
Jeremy A. Kutner, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsel for Plaintiffs*

58712